Case 4:24-cv-00049   Document 3   Filed on 01/09/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARRY EMMETT, <br> TDCJ #1383329, <br><br> Plaintiff, <br><br> v. <br><br> TEXAS BOARD OF CRIMINAL <br> JUSTICE DIRECTOR, et al., <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-24-0049 |

## ORDER OF DISMISSAL

State inmate Barry Emmett (TDCJ #1383329) is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Michael Unit. Emmett has filed a complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), concerning the conditions of his confinement. This action will be dismissed for the reasons explained below.

This civil action is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915A, which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding in forma pauperis. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996), abrogated on other grounds by Coleman v. Tollefson, 135 S. Ct. 1759, 1762-63 (2015). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil

action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of non-meritorious' prisoner cases") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)).

Court records reflect that Emmett is a recreational litigant who has filed more than 100 civil actions and appeals in the federal courts. He has accumulated more than a dozen strikes for filing actions or appeals that were found to be frivolous: (1) Emmett v. Ebner, Civil No. 4:10-3611 (S.D. Tex. Oct. 7, 2010); (2) Emmett v. Hawthorn, Civil No. 4:10-4034 (S.D. Tex. Oct. 29, 2010); (3) Emmett v. Office of the Clerk of Court, Civil No. 7:10-156 (N.D. Tex. Nov. 1, 2010); (4) Emmett v. Thaler, Civil No. 4:10-2748 (S.D. Tex. Nov. 30, 2010); (5) Emmett v. Ebner, Appeal No. 10-20772 (5th Cir. April 29 2011); (6) Emmett v. Boyle, Civil No. 7:10-0193 (N.D. Tex. May 31, 2011); (7) Emmett v. Boyle, Civil No. 7:10-0194 (N.D. Tex. May 31, 2011); (8) In re: Emmett, Civil No. 7:11-0021 (N.D. Tex. June 2, 2011); (9) Emmett v. McGuire, Appeal No. 10-10437 (5th Cir. June 10, 2011); (10) Emmett v. Allred Unit, Appeal No. 10-10715 (5th Cir. June 10, 2011); (11) Emmett v.

Hawthorn, No. 11-20263 (5th Cir. Feb. 7, 2012); (12) Emmett v. TDCJ, Civil No. 4:11-2702 (S.D. Tex. May 16, 2012); (13) Emmett v. Tatsch, Civil No. 4:12-1775 (S.D. Tex. Nov. 26, 2012); (14) Emmett v. Swartz, Civil No. 7:11-49 (N.D. Tex. Sept. 30, 2014).

Because Emmett has well over three strikes he is barred from proceeding in forma pauperis under 28 U.S.C. § 1915(g) unless he is in imminent danger of serious physical injury. To fit within this exception a prisoner must demonstrate that he is in imminent danger as of the time that he seeks leave to file his complaint or notice of appeal. See Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). The threat of harm must be "real and proximate," rather than remote in time. Ciarpaglini v. Siani, 352 F.3d 328, 330-31 (7th Cir. 2003). Likewise, "speculative and conclusory allegations are insufficient to make the showing required to avoid application of the three[-]strikes bar under § 1915(g)." Ortiz v. Collier, 855 F. App'x 966, 2021 WL 3573830, at *1 (5th Cir. Aug. 12, 2021) (per curiam) (citing Banos, 144 F.3d at 884-85).

Emmett alleges that the Director of TDCJ has conspired with a vitamin company to contaminate vitamins with gluten while excluding iodine, which has affected his health. See Complaint, Docket Entry No. 1, p. 4. He also seeks an injunction that would require prison officials to grant him a medical pardon or a furlough so that he can travel to Japan for "cornea replacement surgery" to correct a previous procedure that was "botched" at the University of Texas

-3-

Medical Branch two years ago. See id. at 7. The Complaint contains many other rambling allegations regarding issues with his mail and his ability to access to the courts in Walker County, but Emmett does not allege specific facts showing that he is currently in any danger of serious physical harm.[1] Because Emmett does not demonstrate that he fits within the exception to the three-strikes rule, this action will be dismissed as barred by § 1915(g).

Accordingly, it is **ORDERED** that this civil action filed by Barry Emmett is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

**The Clerk will provide copies of this Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 9th day of January 2024.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] To the extent that Emmett complains about the conditions of his confinement at the Michael Unit, where he presently resides, this facility is located in Tennessee Colony in Anderson County, which is in the Eastern District of Texas, Tyler Division. See 28 U.S.C. § 124(c)(1). Other claims involve TDCJ officials who are located in Austin, which is located in the Western District of Texas, Austin Division. See 28 U.S.C. § 124(d)(1). As a result, these claims were not properly filed in the Southern District of Texas and they are subject to dismissal without prejudice for this additional reason.

-4-